**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL J. COLLIER,

      Plaintiff,

vs.                                                                                          CIV 01-1105 KBM/LCS

CITY OF CLOVIS,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

      Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties consented to have me serve as the presiding judge and enter final judgment. This matter is before the court on Defendant's Motion For Summary Judgment (Doc. 24), which I find well-taken and will grant. Consequently, the pretrial conference and jury trial will be vacated and this action dismissed with prejudice. Although Plaintiff commenced this action *pro se*, he is currently represented by counsel. The parties' briefs thoroughly set forth the factual and legal issues and standard of review, so I briefly set forth my reasoning here.

      Plaintiff Michael Collier is an Anglo male who works as a driver in the City's Sanitation Department. He is one of three Anglo males in the department. All of the other employees, including one of Plaintiff's supervisors, are Hispanic males. There are women who work in another office of the complex where the Sanitation Department is located.

      Plaintiff is "a diabetic, and [has] thyroid problems, drop foot, and a bad back [that] necessitate frequent trips to the doctor." *Doc. 28,* Exh. 2 at ¶ 8. He avers that his Hispanic

coworkers have taunted and ridiculed him by: (1) calling him a "crybaby," "fag, "faggot," and "pussy;" (2) making sucking and kissing noises when he tries to use the department radio; (3) asking if he is going to have a "sex change" operation when he goes to his doctor appointments; (4) decorating his truck with offensive and degrading things such as women's panties, a sanitary napkin, soiled baby diapers, a rubber duck with a bottle in its mouth, a dildo, a bag of urine, condoms, spit, and spray oil; (5) threatening to "kick his ass" or to "kill him;" and (6) on one occasion asking for the "Mike" who "likes to be taken up the ass." Plaintiff is not a homosexual and does not accuse his coworkers of being homosexual, of groping or fondling him or of requesting sexual favors of him.

Plaintiff has complained to his supervisors and contends that their investigations were cursory or nonexistent and that they have failed to stop the harassment. Plaintiff submitted an "Albuquerque District Office Questionnaire" in August 2000, which checks the box for race as well as gender discrimination. The specific allegation related to race is that he was ridiculed when he declined to help move a table due to a "doctor excuse" even though a Hispanic employee who also had an excuse was not "told anything at all." *Plf. Aff.*, Exh. 1. However, his signed affidavit and complaint with the EEOC in October 2000, alleges only that the coworker conduct, including the table incident, constitutes harassment based on his gender. *See Doc. 25,* Exh. 1 attachment "G;" *Doc. 32,* Exh. A. As Defendant notes in its reply, the Tenth Circuit has held that an information sheet does not control. *Doc. 31* at 5-7 (citing *Welsh v. City of Shawnee,* 1999 WL 345597 *2 & n.2, *5-*6 (10th Cir. 1999), which is attached as Exh. D to *Doc. 32*).

None of the above documents allege either retaliation for filing the EEOC charge, as Plaintiff suggests in his affidavit submitted with his reply, *see Plf. Aff.* at ¶ 21, or retaliation for

2

telling the City about damage to a fence, as Plaintiff suggests in his *pro se* Amended Complaint, Doc. 39, ¶¶ (1)(A)(1), (2)(B)(1) ("coworker conduct began after he "turned in accidents to private party fences to the city to keep from being wrote up for them. . . . Was harassed by employes (sic) and asst. supervisor for it."). Because Plaintiff did not present retaliation and race claims to the EEOC, he has failed to exhaust his administrative remedies and, as such, this court has no jurisdiction over them.

Even if the race and sexual harassment claims are so intertwined that the race claim is considered to be exhausted, to prevail on his harassment claims, Plaintiff must show that a coworker discriminated against him "because of" his gender or race. *See Oncale v. Sundowner Offshore Servs., Inc., 523* U.S. 75, 80 (1998) (male on male sexual harassment); *Bolden v. PRC, Inc.,* 43 F.3d 545, 551 (10th Cir. 1994) (race discrimination), *cert. denied,* 516 U.S. 826 (1995). Although the court must view the evidence and draw any inferences in a light most favorable to Plaintiff in this summary judgment posture, to defeat the motion Plaintiff must identify sufficient evidence that would justify sending the case to a jury. *Williams v. Rice,* 983 F. 2d 177, 179 (10th Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 249-52 ( 1986)). Having carefully reviewed all of the evidence submitted, I conclude that Plaintiff fails to raise a genuine issue of material fact regarding the crucial "because of" element of his claim.[1]

As other courts have observed in virtually identical situations, the conduct of which Plaintiff complains is vulgar, obnoxious, boorish, offensive, humiliating, exceedingly juvenile, and

---

[1] A fact is material if, under the applicable substantive law, it is essential to the proper disposition of the claim. *E.g., Adler v. Walmart Stores, Inc.,* 144 F. 3d 664, 670 (10th Cir. 1998). An issue of fact is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. *Id.*

in no way condoned by the court. However, the conduct does not constitute an earnest solicitation for sex or demonstrate that the perpetrators displayed a general hostility toward men or whites in the workplace or systematically treated men differently than women. *See e.g., Davis v. Coastal Int'l Security, Inc.,* 275 F.3d 1119, 1123-1125 (D.C. Cir. 2002) (and cases cited therein); *Equal Employment Opportunity Comm. v. Harbert-Yeargin, Inc.,* 266 F.3d 498, 518-23 (6th Cir. 2001) (same); *English v. Pohanka of Chantilly, Inc.,* 190 F. Supp. 2d 833, 845-48 (E.D. Va. 2002) (same); *c.f. see also Rene v. MGM Grand Hotel, Inc.,* 243 F.3d 1206, 1209 (9th Cir.) (harassment of homosexual not actionable), *rehearing on banc granted,* 255 F.3d 1069 (9th Cir. 2001)*; Toton v. City of Las Cruces,* CIV 98-1497 JC/JHG (*Doc. 32;* straight fire department driver claimed other fire fighters called him "fuken fag," "weak fag" and "Harley-Davidson riding homosexual;" claim dismissed as "sexual orientation harassment, which has not been recognized). As these decisions recognize, to hold otherwise would turn Title VII into a "general civility code," a proposition that *Oncale* and the Tenth Circuit, have declined to endorse. 523 U.S. at 80-81; *see also Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1178 (10th Cir. 1999).

Plaintiff relies on the Seventh Circuit's decision in *Shepherd v. Slater Steels Corp.,* 168 F.3d 998 (7th Cir. 1999). Unlike the Plaintiff's claims or evidence here, however, *Shepherd* is easily distinguishable as a "solicitation for sex" case. Because Plaintiff has failed to come forth with evidence sufficient for a jury to find that he was treated differently "because of" his gender, it is unnecessary to discuss Defendant's argument that it is entitled to summary judgment based on the affirmative defense set forth in *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Defendant's Motion for Summary Judgment *(Doc. 24)* is GRANTED;

2. The pretrial conference and jury trial set for December 6, 2002 and January 13, 2003 respectively are VACATED; and

3. A final order will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent.